IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                              Case No: 3:96cr74/RV
                                                                                         3:06cv74/RV/MD

**DARRELL GREEN**

---

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 593).  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified."  After a review of the record, it is the opinion of the undersigned that the motion is successive and that it should be summarily dismissed.

I. BACKGROUND

Defendant was sentenced to a term of life imprisonment after his conviction of controlled substance offenses.  (Doc. 359).  His conviction and sentence were affirmed on appeal (doc. 427), and he then challenged his conviction by means of a motion to vacate pursuant to 28 U.S.C. § 2255.  (Doc. 459). This motion was denied (doc. 540), and defendant's request for a certificate of appealability was denied in August of 2005.  (Doc. 586).  Defendant filed the instant motion on January 8, 2006

pursuant to the prison mailbox rule.[1] In the instant motion, defendant seeks relief pursuant to the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

## II. LEGAL ANALYSIS

A second or successive motion for § 2255 relief, which defendant concedes this is, must be certified by the court of appeals upon motion to that court by the applicant. 28 U.S.C. § 2244(b)(3) and § 2255; *Felker v. Turpin,* 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996); *In re Blackshire,* 98 F.3d 1293 (11th Cir. 1996). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either:

> **(1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or**
> **(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.**

28 U.S.C. § 2255. *In re Dean*, 375 F.3d 1287 (11th Cir. 2004). Defendant's motion must be dismissed, as the record does not reflect that he has either sought or obtained authorization from the Eleventh Circuit Court of Appeals to file a second or successive motion. *See, In re Joshua*, 224 F. 3d 1281, 1283 (11th Cir. 2000); *Medina v. Singletary*, 960 F.Supp. 275 (M.D. Fla 1997).[2] Furthermore, it is unlikely that he will

---

[1] *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed); *Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999).

[2] The court also notes that the defendant's motion is facially untimely, and despite defendant's attempt to couch his claims as "jurisdictional" issues, so that he may escape the time bar, this is not an accurate characterization. And even if it were, this does not allow him to circumvent the ban on second or successive

be able to obtain such certification, as *Booker* has not been held to be retroactive to cases on collateral review. *Varela v. United States*, 400 F.3d 864, 866-868 (11th Cir.), cert. denied, 126 S.Ct. 312, 163 L.Ed.2d 269 (2005); see also *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005) (holding that only the Supreme Court can make a new rule retroactive on collateral review, and that it must do so explicitly); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) ("Booker may not be applied retroactively to second or successive habeas petitions.")

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 593) be summarily DISMISSED as successive.

At Pensacola, Florida, this 1st day of February, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; Local Rule 27(B); *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

motions absent authorization from the appropriate appellate court.

*Case No: 3:96cr74/RV; 3:06cv41/RV/MD*