IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                            Case Nos.:    3:96cr74/RV
                                                                           3:12cv395/RV/EMT

DARRELL GREEN
_____/

## REPORT AND RECOMMENDATION

      This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 713). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

      Defendant was sentenced to a term of life imprisonment after his conviction of controlled substance offenses (doc. 359). His conviction and sentence were affirmed on appeal (doc. 427), and he then challenged his conviction by means of a motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 459). This motion was denied (*see* docs. 528, 540). Defendant filed another motion to vacate in January of 2006, in which he sought relief pursuant to the Supreme Court's decisions in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>United States v. Booker</u>, 543 U.S. 220 (2005) (doc. 593). That motion was summarily dismissed as successive (*see* docs. 594, 596). He filed a third motion seeking relief based on the Supreme Court's decision in <u>DePierre v. United States</u>, 131 S.Ct. 2225 (June 9, 2011), asserting that it was a new rule of law that was "just made retroactive" (*see* doc. 690 at 6). That motion was also summarily dismissed as successive (*see* docs. 693, 700).

The instant motion to vacate is Defendant's fourth such motion. He now claims that he is entitled to immediate release due to his having deposited an "offset bond" with the Secretary of the Treasury "for the complete satisfaction of all judgements, warrants, and liens whether civil or criminal" (doc. 713 at 12). He further claims that his § 2255 motion is timely filed because the bond did not expire until July 27, 2012 (*id.*). Defendant references a "Motion for Removal of all Waivers as to Fines as Charged in Indictment to Allow for Settlement Agreement" (doc. 642), in which he claimed to have submitted a $300,000,000.00 bonded promissory note to the credit of the United States Department of Justice (*id.* at 2). He now claims that, ignoring the fact that the former motion was denied by the district court (*see* doc. 644), he is entitled to immediate release because the Government used the promissory note to satisfy his criminal debt, which includes all portions of the criminal judgment. In support of his contention that all portions of his criminal debt have been satisfied, he cites the clerk's return of a recent $5.00 payment with the notation that Defendant "does not have any criminal debt" to which the clerk could apply the funds (doc. 713, attach. C).

As Defendant is well aware, before a second or successive application for § 2255 relief is filed in the district court, he must move in the appropriate court of appeals for an order authorizing the district court to consider the application.[1]  28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 F. App'x 409 (11th Cir. 2010). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, despite the fact that he is clearly aware of the need to do so, based on the dismissal of his previous successive § 2255 motions (*see* docs. 596, 700). Therefore, the instant motion to vacate must be dismissed.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing

---

[1] Additionally, the court notes that because Defendant challenges the validity of his continued confinement, rather than the initial judgement and conviction, a motion pursuant to 28 U.S.C. § 2255 may not be the proper vehicle in which to raise his claim. However, the court has accepted Defendant's characterization of his motion for purposes of this recommendation.

Case Nos. 3:96cr74/RV; 3:12cv395/RV/EMT

required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 713), be **SUMMARILY DISMISSED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 21st day of August 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case Nos. 3:96cr74/RV; 3:12cv395/RV/EMT