IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                    Case No.: 3:96cr74/RV

DARRELL GREEN

_____/

## REPORT AND RECOMMENDATION

     This matter is before the court upon referral from the district court (doc. 742). The court noted that after a review of the file it appeared that Defendant Darrell Green might be abusing the legal process by filing multiple frivolous motions, and the district judge referred the case to the undersigned for a report and recommendation regarding whether sanctions are appropriate, and if so, what sanctions (*id.*).

## BACKGROUND

     On March 3, 2000, Defendant was sentenced to a term of life imprisonment after his conviction of controlled substance offenses (docs. 357, 359). His conviction and sentence were affirmed on appeal in November of 2001 (doc. 427), and he then challenged his conviction by means of a motion to vacate pursuant to 28 U.S.C. § 2255 in May of 2003 (doc. 459). This motion was denied (*see* docs. 528, 540). Defendant filed another motion to vacate in January of 2006, in which he sought relief pursuant to the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005) (doc. 593). That motion was summarily dismissed as successive (*see* docs. 594, 596). Defendant filed a third motion to vacate in June of 2012, seeking relief based on the Supreme Court's decision in DePierre v. United States, 131 S. Ct. 2225 (2011), asserting that the case concerned a new rule of law that was "just made retroactive" (doc. 690 at 6). That motion was also summarily dismissed as successive (*see* docs. 693, 700). In August of 2012, Defendant filed a fourth motion to vacate in which he claimed he was entitled to immediate release due to his having deposited an "offset bond" with the Secretary of the Treasury "for the complete

satisfaction of all judgments, warrants, and liens whether civil or criminal" (doc. 713 at 12). The fourth § 2255 motion was also summarily dismissed as successive over Defendant's objection (docs. 714–716). Defendant appealed (doc. 718), but the appeal was dismissed for want of prosecution on November 2, 2012 (doc. 725).

In the past two months, Defendant has also filed a "Motion for Exoneration of All Personal Surety Bonds" (doc. 722), a "Certificate of Deposit and Memorandum of Law" (doc. 738), a "Motion for Extension of Time to File Motion for Reconsideration in Regards to this Court's Denial of His Fed. R. Crim. P. Rule 46(g) Motion [doc. 724]" (doc. 726), a Notice of Appeal (of the order referenced in doc. 726) (doc. 727), a "[Rule 60(b)] Motion for Reconsideration of Motion for Exoneration of All Personal Surety Bonds and a Full Discharge of All Personal Securities" (doc. 732), a notice titled "Judicial Notice of Amendment to Petition for Closing Agreement" (doc. 733), a "Motion for Clarification of Bail/Bond/Probation and Supervised Release Conditions (doc. 734), a transcript request for a hearing that took place in the Southern District of Florida (doc. 735), a "Motion for Permission to Appeal in Forma Pauperis" (doc. 736), and a "Motion for Correction of Judgment Pursuant to Rule 60(b) for Mistake and Error by the Court" (doc. 747). To the extent any ruling was required, all of the previously-listed motions were denied (docs. 724, 730, 739–741, 748). None of the court's rulings specifically stated that the motions were frivolous, although the court did note that Defendant's appeal of the order denying his most recent motion to vacate, set aside or correct sentence was not taken in good faith (doc. 741). Additionally, the court's rulings to date have not warned Defendant of the possibility of sanctions if he persisted in filing successive motions or other inappropriate submissions.

## DISCUSSION

General Discussion

The Supreme Court has stated:

"The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. Pro se petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions.

In re Anderson, 511 U.S. 364, 365 (1994) (quoting In re Sindram, 498 U.S. 177, 179 (1991)). "Federal courts have both the inherent power and the constitutional obligation to protect their

jurisdiction for conduct which impairs their ability to carry out Article III functions." Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986); *see also* Shivers v. United States, 427 F. App'x 697, 699 (11th Cir. 2011) (citing Procup); In re Stone, 986 F.2d 898, 902 (5th Cir. 1993) (courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority."). District courts have considerable discretion to impose even severe restrictions on abusive litigants, though the conditions imposed "must not have the effect of completely foreclosing access to the courts." Shivers, 427 F. App'x at 699 (citing Procup, 792 F.2d at 1074). The manner in which this is handled varies greatly, as will be discussed further herein.

By and large, courts conclude that sanctions are appropriate after a litigant has been warned about the possibility of same. *See, e.g.,* Nelson v. Reese, 214 F. App'x 465 (5th Cir. 2007); Perkins v. United States, No. 99-41421, 2000 WL 959916, at *1 (5th Cir. June 13, 2000); Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997); McDonald v. Summers, No. 3:05-0243, 2011 WL 2437766 (M.D. Tenn. June 13, 2011); Shivers, 427 F. App'x at 697 (imposing restrictions on subsequent in forma pauperis filings and warning that future frivolous filings could lead to additional sanctions). And when litigants persist in filing frivolous submissions, monetary sanctions may be appropriate. *See, e.g.,* Alexander, 121 F.3d at 316 (imposing $500 sanction after warning); Nelson, 214 F. App'x at 467 ($250 sanction after warning); Smith v. Gilmore, 111 F.3d 55, 56 (7th Cir. 1997) ($50 sanction after warning); McDonald, 2011 WL 2437766, at *4 ($1000 sanction after multiple warnings); Miller v. Williams, No. CV411-065, 2011 WL 1898921 (S.D. Ga. May 17, 2011) ($500 sanction recommended in light of litigant's eight-year "unceasing paper-war against this court," although no explicit prior warning mentioned) (*report and recommendation adopted*, Miller v. Williams, No. CV411–065, 2011 WL 2181628 (S.D. Ga. June 2, 2011) (adopting without comment magistrate judge's recommendation of the $500 sanction)).

In other cases, frequent filers are prohibited from future filings unless they obtain special dispensation from the court, or their pleadings are filed by a member of the bar, or they satisfy a court-imposed sanction. *See*, *e.g.*, United States v. Robinson, Civil No. 1:07cv1046, Crim. No. 1:98cr10005, 2007 WL 2409708 (W.D. Ark. Aug. 21, 2007) (clerk of court directed not to file submissions challenging litigant's conviction and sentence absent permission from the Eighth Circuit);

Campbell v. Maye, No. A-10-CA-463-LY, 2010 WL 2671725 (W.D. Tex. June 30, 2010) (recommending that litigant not be allowed to file any pleadings, motions or suits which assert claims that must be brought pursuant to § 2255 unless litigant receives permission from a federal judicial officer to do so);[1] Nelson, 214 F. App'x at 467 (defendant sanctioned $250 and all district courts within the circuit were directed to refuse to file any pro se pleading challenging defendant's conviction and sentence until he submitted proof of satisfaction of the sanction).

A blanket prohibition on all future filings raises constitutional concerns regarding access to the courts, and courts have creatively fashioned sanctions to avoid running afoul of the constitution. *See* Shivers, 427 F. App'x at 699 (noting that the court "would accept any pleading filed by a member of the bar" on defendant's behalf); Alexander, 121 F.3d at 315 (filing of a frivolous collateral attack may justify monetary sanctions, but court cannot refuse to receive all new papers in order to enforce those sanctions) (citing Smith v. Gilmore, 111 F.3d 55 (7th Cir. 1997)).

The defendant in Shivers, who was serving a life sentence, unsuccessfully challenged his conviction pursuant to § 2255, and then filed at least six Rule 60(b) motions, three motions for leave to file a second or successive § 2255 motion, one petition for writ of habeas corpus pursuant to § 2241, and a motion pursuant to Rule 60(d)(3), most of which filings challenged the constitutionality of a search warrant in his case, which was executed in 1999. Shivers, 427 F. App'x at 698. After Shivers failed to heed the court's warning about continuing to file frivolous pleadings, the district court directed him to show cause why he should not be sanctioned in the form of denial of in forma pauperis status for all future frivolous motions. *Id.* at 699. The court determined that Shivers' "frivolous filings were frustrating its responsibility to allocate its resources in a way that promotes the interests of justice" and also determined that an appropriate sanction would be to deny in forma pauperis status for all future collateral attacks that alleged, in any way, a complaint about the affidavits involved in the 1999 search. *Id.* It also warned him that future frivolous collateral attacks could result in an expansion of the sanctions, while indicating that the court would accept any pleading filed by a member of the bar in his behalf. *Id.* The appellate court upheld these narrowly-tailored

---

[1]The district court adopted the recommendation of the magistrate judge in an order issued on August 25, 2010 (*see* online docket for the Eastern District of Texas, Case No. 1:10cv463-LY (doc. 10)). The Fifth Circuit affirmed the order of the district court, although it did not discuss that part of the order barring petitioner from filing any pleadings attacking his conviction and sentence. *See* Campbell v. Maye, 428 F. App'x 382 (5th Cir. 2011).

sanctions, noting that the courthouse door remained open for all claims not related to the search and underlying warrant.[2]  *Id.* at 700.

In Alexander, the Seventh Circuit was confronted with a successive collateral attack by a prisoner who had already filed three previous motions and had been expressly warned that a failure to satisfy the standard of the law would bring sanctions.  121 F.3d at 315.  It noted that "the usual means of control, both financial and jurisprudential, do not apply for applications for leave to commence successive collateral attacks."  *Id.*  The court denied Alexander's application for collateral relief, assessed a $500 fine, directed that the Bureau of Prisons be notified of the fine, entered a Mack[3] order, and held that any subsequent applications for leave to file successive collateral attacks would be deemed denied on the thirtieth day unless the court otherwise ordered.  *Id.* at 316.

In United States v. Robinson, the defendant had filed seven motions to vacate or petitions for writ of habeas corpus attacking his criminal conviction and sentence.  2007 WL 2409708, at *4.  He had not received permission to file a second or successive motion, and in fact he had been denied such authorization on multiple occasions.  *Id.*  In denying his latest submission, the district court directed the clerk of court not to accept any future filings related to defendant's underlying criminal conviction and sentence unless defendant had successfully obtained leave to file a second or successive motion.  *Id.* at *2.  In so ruling, the Robinson court noted that it was clear that defendant was aware that the court lacked jurisdiction to consider successive § 2255 motions absent permission from the appellate court and, therefore, any such filings without prior authorization were frivolous and an abuse of the judicial system.  *Id.*  This order did not address other kinds of post-conviction motions, however.

---

[2]The Eleventh Circuit did not discuss the practical impact these sanctions were likely to have either on the court or on defendant Shivers.  For instance, the determination of Shivers' entitlement to proceed in forma pauperis in a subsequent collateral filing would not be a mere ministerial task—it would require review, and potentially analysis, of the facts of his claims.  Also, collateral challenges and post-conviction motions that are part of a defendant's criminal case require no filing fee, and even petitions for writs of habeas corpus require only a $5.00 fee.  Therefore, the deterrent value of denying in forma pauperis status seems marginal at best.

[3]Although the Alexander court did not explain the nature of a Mack order, it is apparently derived from Support Systems Intern., Inc. v. Mack, 45 F.3d 185 (7th Cir. 1995), which was cited in the Alexander opinion.  In Mack, the court directed that clerks of all federal courts in the circuit return unfiled any papers that the litigant attempted to file except for papers in criminal proceedings in which he was a defendant, or papers regarding any habeas corpus application until the sanction against him had been paid.  The order was not "perpetual," but rather the litigant was directed to submit to the court, no earlier than two years from the date of the order in question, a motion to modify or rescind the order.  Mack, 45 F.3d at 186.

Because of the restrictions on successive filings, abusive litigants are sometimes creative in the titling or formatting of their submissions. They may not, however, circumvent the restrictions on filing successive motions merely by recharacterizing their submissions as filed under different statutes. And, there appears to be no time limitation on the restriction for filing frivolous pleadings once an abusive litigant has been warned. In June of 2000, the Fifth Circuit considered the appeal of the denial of a § 2241 habeas petition. Perkins, 2000 WL 959916. After Perkins' request for relief under § 2255 and his request for permission to file a successive § 2255 motion were denied, he brought his claim pursuant to § 2241, arguing that § 2255 provided an inadequate and ineffective remedy to challenge his conviction under the "carry" prong of 18 U.S.C. § 924(c). Perkins, 2000 WL 959916, at *1. Defendant could have, but did not, raise this same claim on direct appeal; he was denied relief on this claim in his first § 2255 motion; and his request to file a successive § 2255 on this basis was denied. See United States v. Perkins, 424 F. App'x 328, 329 (5th Cir. 2011) (discussing history of Perkins' prior submissions). In denying his request for § 2241 relief, which the court viewed as an attempt to circumvent the restriction on successive § 2255 motions, the court warned Perkins that "any further attempts to attack his conviction that do not meet the criteria for filing a successive § 2255 motion will be sanctioned." Perkins, 2000 WL 959916, at *1.

In May of 2011, nearly eleven years later, the Fifth Circuit was presented with Perkins' appeal of the district court's denial of his writ of error coram nobis in which he again raised the same ground for relief. Perkins, 424 Fed. App'x at 328. The court noted that although defendant filed his challenge "nominally under § 1651(a)," rather than as a request to file a successive § 2255 motion, in his request for a certificate of appealability he argued that his case met the criteria to file a successive § 2255 motion. Id. at 329. Thus it was clearly a challenge to his conviction. The Fifth Circuit found that Perkins' appeal of the district court's denial of the writ was not taken in good faith and was frivolous. Id. Although the district court had warned Perkins that future frivolous filings might result in the imposition of sanctions, the Fifth Circuit relied on the warning given eleven years earlier and imposed a sanction in the amount of $455.00. Id. It further stated that until the sanction was paid, Perkins was not permitted to file any more "appeals or initial pleadings challenging the validity of his conviction and sentence, whether those challenges are governed by § 2241, § 2255, § 1651(a) or any other

statutory provision, in this court or in any court under this court's jurisdiction, without first obtaining the permission of this court or the forum court."  *Id.*[4]

Appropriate Sanctions in this case

In light of Defendant's prolific repetitive and/or frivolous filings, the undersigned would have no difficulty recommending the imposition of a sanction of some sort if Defendant had previously been warned about the possibility of the same.  Defendant was not previously so warned, although he was clearly on notice that the court did not have jurisdiction to consider successive § 2255 motions after the first such motion was rejected (*see* docs. 594, 596), and notwithstanding this knowledge he persisted in filing two additional successive motions.  Despite this, the undersigned recommends at this juncture that Defendant merely be admonished with respect to future filings.  More specifically, Defendant should be restricted from filing any pro se pleading or motion that challenges or otherwise relates in any way to his conviction, sentence, or incarceration in Case No. 3:96cr74/RV, regardless of the label Defendant may attach to his filing, unless he has been granted authorization to do so.  Any document submitted by Defendant that violates or appears to violate this restriction should not be filed by the clerk of court but referred to chambers as deficient.[5]

Defendant should also warned that if he submits a prohibited pleading, motion, or other filing related to his underlying criminal conviction, the court will likely impose additional sanctions, including—but not limited to—additional filing restrictions and monetary penalties.[6]

---

[4]Imposition of this sanction was apparently little deterrent to defendant Perkins, as he filed another motion to vacate pursuant to § 2255 in August of 2011.  *See* United States v. Perkins, Case No.: 5:94cr36-7-C-BG, N.D. Tex, doc. 420.  On October 18, 2011, the Fifth Circuit entered an order denying Perkins' request to proceed without payment of his sanction noting that the sanction had not served as a deterrent and that Perkins' "repeated frivolous filings have become a drain on the scarce resources of this court."  United States v. Perkins, Case No.: 5:94cr36-7-C-BG, N.D. Tex., doc. 421 at 1.  It further noted that any future submission that did not include proof of satisfaction of the $455 sanction would be docketed for administrative purposes, but would neither be addressed nor acknowledged.  *Id.* at 2.  Perkins ultimately satisfied the sanctions in May of 2012.  United States v. Perkins, Case No.: 5:94cr36-7-C-BG, N.D. Tex., doc. 423.

[5]Restrictions related to other types of future filings by Defendant would potentially create an unnecessary administrative burden that would have a minimal practical deterrent effect because Defendant has thus far limited his filings to motions in his criminal case.  The undersigned thus declines to recommend additional filing restrictions beyond those related to the criminal case.

[6]The court has reviewed the account information attached to Defendant's most recent in forma pauperis motion and notes that he receives regular deposits into his inmate trust account from both payroll and outside sources

Conclusion

Although Defendant Green was on notice that successive § 2255 motions will not be considered by this court absent authorization from the Eleventh Circuit, he was not expressly warned that the continued filing of such motions (or related filings) would result in the imposition of sanctions. Thus, Defendant should be prohibited from submitting such filings in the future and expressly warned that a violation of the prohibition will result in sanctions.

Accordingly, it is respectfully **RECOMMENDED**:

1.     That Defendant be prohibited from filing any further initial pleadings, motions or appeals that challenge the validity of, or otherwise relate to, his conviction and sentence in Case No. 3:96cr74/RV, regardless of the label Defendant may attach to his filing.

2.     That the clerk be directed to refer to chambers as deficient any pro se pleading that violates or appears to violate the filing prohibition.

3.     That Defendant be expressly warned that submission of a prohibited or frivolous filing in the future will subject him to additional sanctions.

At Pensacola, Florida, this 19th day of December 2012.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

(doc. 744 at 8–13).  The court also notes that during the seven months for which account information was provided, Defendant had $1377.30 in deposits into his inmate account, or an average of $196.75 per month.  Thus, should the district court determine that an additional sanction is warranted at this juncture, the undersigned would recommend that an appropriate sanction would be a monetary sanction in the amount of $200.00, or approximately one month's deposits (the courts that have imposed sanctions in the cases discussed herein have not explained how they determined the amount of sanctions to impose).  At least one court has imposed a higher sanction with no apparent prior warning. See Miller, 2011 WL 1898921.

Case No.: 3:96cr74/RV

## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).