IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 12-15910-A; 12-16412-A

_____

UNITED STATES OF AMERICA,

                                                                                                     Plaintiff-Appellee,

versus

DARRELL GREEN,
a.k.a. Dred,

                                                                                                  Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

ORDER:

      Darrell Green is a federal prisoner serving a total sentence of life imprisonment following his convictions, in 2000, for controlled substance offenses. He seeks leave to proceed *in forma pauperis* ("IFP") to appeal the district court's denial of two *pro se* post-conviction motions filed in his criminal case. Because Green is indigent, the only remaining issue regarding his motion is whether the appeal is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it is without arguable merit either in law or fact. *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

      As background, in his first motion filed in the district court, Green requested "exoneration of all personal surety bonds and a full discharge of all personal securities" ("the

exoneration motion"). Green alleged that a personal surety bond was issued following his arrest in his criminal case, and the bond required him to pay monetary penalties. Green also alleged that, in 2011, he "contracted a closing agreement" with the U.S. Attorney's Office "for a full and complete accord and satisfaction of all conditions of the personal surety bond." Specifically, he claimed that he deposited $300 million with the U.S. Treasury and $100 million with the district court clerk. As a result, Green argued that he had satisfied the conditions of the personal surety bond, and Fed.R.Crim.P. 46(g) and (i) required the district court to "release" his "personal security . . . from all custody."

In its response, the government argued that Green falsely stated that he was ever granted bail or any other condition of pre- or post-trial release, and as a result, Rule 46 did not apply. The government asserted that there was never an agreement between Green and the government that he could satisfy his criminal convictions with a monetary payment. The district court summarily denied the exoneration motion, and Green filed a notice of appeal, which has been docketed as Case No. 12-15910.

Meanwhile, while Case No. 12-15910 was pending in this Court, Green filed his second motion in the district court, requesting "clarification of bail/bond/probation and supervised release conditions" ("the clarification motion"). In his motion, Green alleged that the government's response to his exoneration motion amounted to slander and a "bona fide controversy." He then listed "matters concerning warrants/bail/debt and bonds" and requested clarification as to, *inter alia*, the amount of his pre-trial bail, whether he was on probation at the time of his arrest in the instant criminal case, and whether he had lost "personal security interest" or defaulted on any financial obligations or conditions. Without requiring a response from the

government, the district court summarily denied Green's clarification motion, and Green filed a notice of appeal, which has been docketed as Case No. 12-16412.

## I. Consolidation of Case Nos. 12-15910 and 12-16412

As a preliminary matter, the Court *sua sponte* consolidates Green's appeal from the denial of his exoneration motion (Case No. 12-15910) with his appeal from the order denying his clarification motion (Case No. 12-16412), as the appeals involve the same parties and the same set of facts. Moreover, Green specifically referenced his exoneration motion in his clarification motion.

## II. Frivolity Inquiry

To determine whether Green's appeals have any arguable merit, it is necessary to revisit the facts of his conviction. In 1997, Green was arrested on the indictment in the instant criminal case and denied pre-trial bail. In 1999, a jury found Green guilty of conspiracy to possess with intent to distribute cocaine base and two counts of possession with intent to distribute cocaine base. The district court sentenced Green in 2000. In addition to his total sentence of life imprisonment, the district court's judgment imposed a special monetary assessment of $300. A criminal fine, in the amount of $1,000, was waived in the interest of justice. No restitution was imposed.

In 2011, Green began filing motions in his criminal case, referring to himself as a "judgment debtor." He assigned monetary value to his controlled substance offenses, referring to them as "violations of revenue laws." He alleged that the penalties for his criminal offenses required him to pay a $10 million fine. Attached to one of his earlier motions filed in the district court, Green provided a promissory note for $100 million, which he argued should be accepted by the district court in exchange for his release from prison.

In this case, the district court did not err in denying Green's *pro se* exoneration motion and clarification motion. Green was not released on bond before or during trial, rendering Rule 46 inapplicable. *See* Fed.R.Crim.P. 46 (empowering a district court to set and revoke bond for a criminal defendant's release before, during, and after trial). The judgment in Green's criminal case reflects that he was sentenced to a life term of imprisonment and that his $1,000 fine was waived. His argument in his exoneration motion that he could pay money to the district court clerk and the U.S. Treasury to satisfy his criminal charges was patently frivolous.

Likewise, the district court did not err in rejecting Green's clarification motion regarding pre-trial bail, probation, and any other financial obligations or conditions. As discussed above, Green did not receive pre-trial bail, nor was he subject to criminal fines or restitution. Green's probationary status at the time of his criminal trial was irrelevant, as his current incarceration is the result of convictions for controlled substance offenses that have been affirmed on direct appeal and unsuccessfully attacked in a 28 U.S.C. § 2255 motion to vacate.

As a result, Green's motions for IFP status are DENIED.

*Frank M. Hull*
UNITED STATES CIRCUIT JUDGE

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 25, 2013

Darrell Green
USP Atlanta - Inmate Legal Mail
PO BOX 150160
ATLANTA, GA 30315

Appeal Number: 12-15910-A   ; 12-16412 -A
Case Style: USA v. Darrell Green
District Court Docket No: 3:96-cr-00074-RV-EMT-1

On April 1, 2013, this Court will begin **MANDATORY electronic filing.** All counsel are required to file documents electronically in appeals pending on April 1, 2013, and in appeals docketed in this Court on or after that date, unless exempted for good cause.

The following action has been taken in the referenced case:

The enclosed order has been ENTERED.

Pursuant to Eleventh Circuit Rule 42-1(b) you are hereby notified that upon expiration of fourteen (14) days from this date, this appeal will be dismissed by the clerk without further notice unless you pay to the DISTRICT COURT clerk the $450x2 docket and $5x2 filing fees (total of $455x2), with notice to this office.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Denise E. O'Guin, A
Phone #: (404) 335-6188

MOT-2 Notice of Court Action